Dear Representative Ehlmann:
This opinion letter is in response to your question asking:
 Does the phrase ". . . for the year next preceding the computation . . ." in Conference Committee Substitute for House Committee Substitute for Senate Committee Substitute for Senate Bill No. 431, 84th General Assembly, Second Regular Session (1988) [hereinafter referred to as "Senate Bill No. 431"] refer to the computation made by the county salary commission when determining the percentage or to the computation made by the payroll clerk when applying the percentage to the schedules to determine the salary of each county official?
In setting the compensation of county officials, the statutes frequently provide for a part of the compensation to be based on the assessed valuation of the county. As an example, Section 49.082, RSMo Supp. 1988, as enacted by Senate Bill No. 431, provides a part of the compensation of a county commissioner in certain counties shall be based on a schedule set forth in the section. A portion of the schedule provides:
Assessed Valuation Salary
 Less than $ 25,000,000 $15,000 25,000,001 to 50,000,000 15,500 50,000,001 to 75,000,000 16,000 75,000,001 to 100,000,000 16,500 100,000,001 to 125,000,000 17,000
* * *
In determining which year's assessed valuation applies to computing the compensation of the county commissioner, Section49.082 states: "The population factor shall be . . . and the assessed valuation factor shall be the amount thereof as shownfor the year next preceding the computation." [Emphasis added.] Similar language in other statutes relates to computing the compensation of other county officials. Your question asks whether the phrase highlighted by underlining above refers to the computation by the county salary commission or the computation by the payroll clerk.
Section 50.333, RSMo Supp. 1988, as enacted by Senate Bill No. 431, provides for a county salary commission in every nonchartered county. In general, the county salary commission meets every other year. See subsections 5 and 7 of Section50.333. In general, action (or inaction) by the county salary commission determines whether a county official receives the amount specified in a salary schedule or some percentage variation from the salary schedule. Your question arises because the county salary commission customarily meets only once every two years while the assessed valuation of the county may vary from year to year.
Continuing with the foregoing example of a county commissioner, the assessed valuation of the county in the year preceding the meeting of the county salary commission may have been $74,950,000 (1987 assessed valuation) such that a part of the compensation of a county commissioner would be based on the line in the schedule showing $16,000. (Section 49.082, RSMo Supp. 1988, a part of which is quoted above.) However, the assessed valuation of the county may increase to $75,500,000 in the following year (1988 assessed valuation) such that the applicable line in the schedule for an assessed valuation of $75,500,000 shows a salary of $16,500. Your question asks whether the 1989 compensation is based on the line in the schedule for an assessed valuation of $75,500,000, the assessed valuation of 1988 which is the year preceding the computation of the 1989 compensation by the payroll clerk, or whether the 1989 compensation is based on the line in the schedule for an assessed valuation of $74,950,000, the assessed valuation of 1987 which is the year preceding the computation of the compensation by the county salary commission.
While the statutes governing compensation rely on a "computation" to be performed, nowhere in any of the relevant statutes does it plainly state which computation by which official is controlling. Determining the "computation" to which the statutes refer is therefore important because if the year is fixed by the county salary commission's computation, compensation does not change between county salary commission meetings. However, if compensation is determined by computation by the payroll clerk, compensation of county officials varies according to fluctuating assessments for counties from year to year.
A primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider words in the statute in their plain and ordinary meaning. Metro AutoAuction v. Director of Revenue, 707 S.W.2d 397, 401 (Mo. banc 1986). In determining the meaning of a statute, consideration may be given the entire purpose and policy of the statute and the language in the totality of the enactment. State ex rel.Henderson v. Proctor, 361 S.W.2d 802, 805 (Mo. banc 1962). It is apparent that the legislature intended that the county salary commission be vested with the authority to set compensation for the county officials affected. This position is supported by the extensive references to rules and formulas by which the county salary commission is to perform its duties. See
Section 50.333, RSMo Supp. 1988. Even when the county salary commission is unable to arrive at an agreement as to salaries, Section 50.333.9 provides ". . . then the compensation being paid to each affected officer on such date shall continue to be the compensation paid to the affected officer during the succeeding term of office." By these devices, it seems clear that the legislature intended the county salary commission be the body exercising authority as to the setting of compensation levels for county officials.
It is the opinion of this office that the phrase "for the year next preceding the computation" in Conference Committee Substitute for House Committee Substitute for Senate Committee Substitute for Senate Bill No. 431, 84th General Assembly, Second Regular Session (1988) refers to the computation made by the county salary commission. In the foregoing example involving the compensation of the county commissioner, the 1989 compensation of the county commissioner would be based on the 1987 assessed valuation of the $74,950,000.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General